## Commonwealth v. Bloom

*C. Howard Harry, Jr.*, for Commonwealth.
*Jules Pearlstine*, for defendant.

KNIGHT, P. J., June 24, 1955.—In an information made before Robert P. Johnson, a justice of the peace, by a member of the State police, defendant was charged with a violation of section 1002, subsec. (b) 8 in that she did operate a motor vehicle in a 35 m.p.h. speed zone at the rate of 60 m.p.h.

Defendant waived a hearing before the justice and the case was heard before the writer on May 13, 1955. The evidence shows and defendant admits that she exceeded the speed limit; her only excuse is that she did not see the 35 m.p.h. speed signs and this is not a legal defense to the charge.

The real defense is that the speed signs were illegal and hence defendant was not bound to observe or obey them.

The Vehicle Code of May 1, 1929, P. L. 905, section 1002, subsec. (b) 8, reads as follows:

"The Secretary of Highways may, after due investigation, establish further restricted speed zones on State Highways outside of business and residence districts where traffic conditions or other conditions of the highway make it unsafe to operate motor vehicles at the maximum speeds as provided by this act.

"Any such established restricted speed zone shall be indicated by the erection of official signs, spaced not less than one-eighth of a mile apart, on the right hand side of the highway facing the traffic to be controlled, and at the end of the restricted speed zone there shall be an official sign indicating the end of such restricted speed zone."

By virtue of this provision application was made to the Secretary of Highways to establish a 35 mile speed limit zone on Schuylkill Expressway in Montgomery County. The application was approved, the speed zone established and signs erected on September 14, 1954. These signs consisted of a sign reading "Reduced Speed Zone", one-tenth of a mile east of this

sign there is a sign reading, "Speed Limit 35" and four-tenths of a mile farther east there is another sign reading, "Speed Limit 35". There are similar signs along the expressway for over a mile. The theory of defendant seems to be that inasmuch as the second speed sign is four-tenths of a mile from the first sign that the second sign is illegal. She seems to be proceeding on the assumption that the act provides that the signs must be one-eighth of a mile apart or not more than one-eighth of a mile apart. The act says "not less than one-eighth of a mile apart" and four-tenths of a mile is, in our opinion, well within the swathe of the act.

If it is contended that the warning sign "Reduced Speed Zone" is only one-tenth of a mile from the first "Speed Limit 35" sign and this renders all of the "Speed Limit 35" signs illegal, the answer is twofold. First, the "Reduced Speed Zone" sign is only a warning sign and establishes no speed limit and, therefore, does not come within the purview of subsection (b) 8 and second, the distance of one-tenth of a mile was testified to by a witness for defendant who measured the distance by the speedometer in his car. The difference between one-tenth and one-eighth of a mile is only 132 feet and taking into consideration the inaccuracy of measuring distance by speedometer, this is not a sufficient difference to overcome the presumption of regularity and correctness that applies to the acts of public officials.

We can find nothing illegal in reference to the official road signs involved in this case and it follows that defendant is guilty as charged.

And now, June 25, 1955, defendant is found guilty of violating section 1002, subsec. (b) 8 of The Vehicle Code and she is directed to appear in court room "B" on Friday, July 8, 1955, to receive the sentence of the court.